978 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Justin M. JACOBS, Jr., d/b/a Landbank Investments, Plaintiff-Appellant,
v.
CENTENNIAL INSURANCE COMPANY, Defendant-Appellee.
 No. 91-16179.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1992.*
 Decided Nov. 9, 1992.
 
 Before SNEED, ALARCON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant, Justin M. Jacobs, Jr., timely appeals the entry of summary judgment in favor of appellee, Centennial Insurance Company and the denial of his motion for partial summary judgment. These actions bar any recovery by appellant. We affirm the judgment of the district court.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 3
 Centennial Insurance Company ("Centennial") issued an insurance policy to Justin M. Jacobs, Jr. ("Jacobs") providing general liability coverage to Jacobs and other named insureds. "Justin M. Jacobs, Jr. dba Landbank Investments" is listed as an additional insured under the policy. Landbank Investments is a sole proprietorship of Jacobs.
 
 
 4
 The comprehensive general liability portion of the policy provides that Centennial:
 
 
 5
 will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
 
 A. personal injury, or
 B. property damage
 
 6
 to which this insurance applies, caused by an occurrence....
 
 
 7
 The exclusion section of the policy provides that coverage does not extend:
 
 J. to property damage to
 
 8
 1) property owned or occupied by or rented to the insured,....
 
 
 9
 Further, the broad form property damage liability exclusion provides that:
 
 
 10
 E. The insurance for property damage liability applies, subject to the following additional provisions:
 
 
 11
 1) Exclusions J and N of Part I are replaced by the following:
 
 
 12
 (a) to property owned or occupied by or rented to the insured,.... (All emphasis in original).
 
 
 13
 South McDowell Investments I, a general partnership comprised of Jacobs and Norman E. MacKay, filed a complaint against Don Williams and Don Williams Painting in the Superior Court of California for the County of San Mateo. This action arose from the alleged negligence of Don Williams and/or Don Williams Painting in applying an acrylic coating to a building owned by Jacobs and MacKay. Record title of the property is held by Jacobs and MacKay as tenants in common with Jacobs having a 95% undivided interest and MacKay having a 5% undivided interest.
 
 
 14
 Don Williams Painting filed a cross-complaint against "Landbank Investments" asserting claims for equitable indemnity and declaratory relief. These claims arose from the alleged error of Landbank in supervising the painting process in its role as construction manager. (The underlying action has been settled.)
 
 
 15
 Jacobs tendered these claims to Centennial. Centennial first notified Jacobs that it was denying coverage in a letter dated January 11, 1990, in which Centennial maintained that the allegations contained in the cross-complaint did not fall within the of coverage contained in the policy. Centennial referred to two exclusions which it claimed served to remove coverage. The first exclusion was Section J, which provides there is no coverage for property damage to property owned by the insured. The second was provision E1(a) which excludes coverage under the Broad Form section of the policy for property owned by the insured. Later, in letters dated July 12, 1990 and August 3, 1990, Centennial specified that since Landbank was Jacobs' dba, Jacobs and Landbank could be only one entity for the purposes of coverage. Inasmuch as Jacobs was a title owner of the property, Centennial stated that coverage was excluded by the above exclusions.
 
 
 16
 Jacobs and Jacobs dba Landbank brought suit against Centennial, a foreign corporation, in district court alleging that Centennial had breached its duty to defend and indemnify Landbank in the underlying suit. Centennial moved for summary judgment, arguing that the property owner exclusions precluded coverage under the policy. The district court granted the motion and entered summary judgment in favor of Centennial and denied Jacobs' motion for partial summary judgment seeking to impose on Centennial a duty to defend. We affirm.
 
 II.
 JURISDICTION
 
 17
 The district court had diversity jurisdiction under 28 U.S.C. § 1332. This court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.
 
 III.
 STANDARD OF REVIEW AND CHOICE OF LAW
 
 18
 Summary judgment is reviewed de novo. State Farm Mut. Auto Ins. Co. v. Davis, 937 F.2d 1415, 1417 (9th Cir.1991). This court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relative substantive law. Id.
 
 
 19
 This case deals with an insurance policy issued in California to cover California activities. No federal issues are present, thus, California law controls. Hydro Sys. Inc. v. Continental Ins. Co., 929 F.2d 472, 474 (9th Cir.1991).
 
 IV.
 DISCUSSION
 
 20
 A. Waiver of Centennial's Right to Raise the Property Owner Exclusions
 
 
 21
 Jacobs argues that Centennial waived its right to raise exclusion J and Broad Form exclusion E1(a) because Centennial did not adequately raise these exclusions when it first denied coverage. We conclude, however, that Centennial preserved its right to rely on these exclusions in its January 11, 1990 letter denying coverage. In that letter, Centennial specifically referred to exclusion J and Broad Form exclusion E1(a) and stated that they served to remove coverage. Under these circumstances, Centennial did not waive its right to rely on the exclusions. Hydro Systems, 929 F.2d at 476.
 
 
 22
 B. Application of the Property Owner Exclusions to Landbank
 
 
 23
 Exclusion J and Broad Form exclusion E1(a) expressly preclude coverage for property damage to property owned by the insured. The record title owners of the subject property are Justin Jacobs (95%) and Norman MacKay (5%). Landbank is a sole proprietorship owned by Justin Jacobs and is named as an insured in the policy as the dba of Jacobs. As a sole proprietorship, Landbank is not a separate entity from Justin Jacobs. 1 Marsh & Finkle, Marsh's California Corporation Law § 2.4 (3d ed. 1990) (Formation of a sole proprietorship merely involves the dedication of certain of an individual's assets to a business enterprise and does not entail the formation of a separate entity). See also Asdourian v. Araj, 38 Cal.3d 276, 284-85, 211 Cal.Rptr. 703, 708 (1985) (in essence, a sole proprietorship is the individual).
 
 
 24
 Since Landbank is not a separate entity from Jacobs, and Jacobs is a title owner of the property, coverage is precluded by exclusion J and Broad Form exclusion E1(a). Moreover, Centennial's duty to defend did not exist. Therefore, the district court's judgment was appropriate.
 
 
 25
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3